Petitioner-appellant, the American Federation of State, County and Municipal Employees, Ohio Council 8, Local 3536 (the "Union"), appeals a Clermont County Court of Common Pleas decision granting summary judgment to respondent-appellee, the Clermont County Department of Human Services (the "Department") in a mandamus action seeking to compel the Department to submit an issue to arbitration.
This matter has previously been before this court. In American Federation of State, County, and Municipal Employees, Ohio Council v. Clermont County Department of Human Services (July 8, 1996), Clermont App. No. CA96-02-018, unreported, we held that the trial court correctly vacated an arbitrator's award which had improperly "engrafted" a requirement onto the parties' collective bargaining agreement.[1] We then noted that:
 [T]he original question presented to the arbitrator, whether the Department acted in good faith in bypassing the members of the bargaining unit, remains unanswered. This court now holds that the Union may resubmit the matter to arbitration within thirty calendar days after this decision has been issued. Arbitration, if desired, will proceed in accordance with Article VII, subdivision M, of the collective bargaining agreement.
Id. at 9-10.
Article VII, subdivision M [Step 4], of the collective bargaining provided in part as follows:
 If the grievance is not satisfactorily settled at Step 3, [Director/Designee step] the union may, within thirty (30) calendar days after receipt of the Step 3 answer, or if no answer, within seventy-five (75) calendar days of the incident, submit the matter to arbitration. The Federal Mediation and Conciliation Service (FMCS) shall be contacted for a list of five (5) arbitrators. The union shall first strike a name. Thereafter, each side shall alternately strike a name from the list until one (1) remains. An arbitrator shall be appointed within one hundred five (105) calendar days of the incident, or the grievance shall be deemed settled on the basis of the employer's last answer.
 * * *
Following receipt of this court's July 8, 1996 decision, the Union did not proceed in accordance with Article VII, subdivision M of the collective bargaining agreement. Instead, an attorney for the Union sent a letter to appellee's attorney, dated July 11, 1996, stating in pertinent part:
 Pursuant to the order of the Court of Appeals, Ohio Council 8, AFSCME, AFL-CIO and Local 3536, AFSCME, AFL-CIO give notice of their intent to resubmit this matter to arbitration within thirty (30) calendar days from the date of the Court's decision dated July 8, 1996.
 Ohio Council 8, AFSCME, AFL-CIO will contact Arbitrator Donnelly[2] for available hearing dates on the sole issue of whether the Clermont County Department of Human Services acted in good faith in bypassing the bargaining unit applicants.
The Union also sent a letter to Donnelly, the previous arbitrator, asking him to supply dates that he would be available to hear the issue.
No further action was taken until March of 1997, when a Union staff member contacted the Department's attorney, Elizabeth Mason. Ms. Mason then stated that the Department would not proceed with arbitration because the Union had failed to timely invoke the arbitration procedure pursuant to the order of this court and the parties' collective bargaining agreement.
On June 12, 1997, the Union filed an action for mandamus and declaratory judgment, seeking a court order to compel the Department to submit to arbitration. The Department's motion for summary judgment was granted. The trial court found that this court's order clearly provided that if arbitration was desired, Article VII, subdivision M of the collective bargaining should be followed. That provision had not been invoked. Therefore, appellant's petition for mandamus and declaratory judgment was dismissed.
Appellant raises a single assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF PETITIONERS/APPELLANTS IN DENYING THEIR MOTION FOR SUMMARY JUDGMENT AND IN NOT ORDERING RESPONDENTS/APPELLEES TO PROCEED TO ARBITRATION.
The Union instituted a mandamus action. The trial court correctly granted the Department's summary judgment motion and dismissed the mandamus action because the Union had not established a clear legal right to the relief requested. Morris v. Macedonia City Council (1994), 71 Ohio St.3d 52.
The Union argues that our July 6, 1996 decision did not "specify whether all or part of [sic] terms of Subsection M apply." The Union correctly points out that not all of Subsection M's terms could be relevant due to the passage of time since the original incident. However, our order clearly specified that the Union could resubmit the matter to arbitration within thirty calendar days after our decision was issued. We did not specify that the Union could or should resubmit the matter to the previous arbitrator. We ordered that arbitration, if desired, should proceed in accordance with Article VII, subdivision M of the parties collective bargaining agreement. That subdivision is a comprehensive arbitration provision which mandates the applicable procedures for submitting a matter to arbitration. In order to submit a matter to arbitration, "[t]he Federal Mediation and Conciliation Service (FMCS) shall be contacted." (Emphasis added.) The fact that some of this subdivision's provisions are inapplicable to a situation involving a resubmission rather than an original grievance, in no way lessens the fact that it is the arbitration provision which the parties had agreed to and which our decision specifically referenced. Appellant's letter to appellee's counsel purporting to be a "notice of intent" to resubmit the matter to the original arbitrator does not comply with any provision of Article VII, subdivision M. As such, the trial court correctly held that our order had not been complied with and that the county could not be compelled to participate in arbitration. Appellant's sole assignment of error is overruled.
Judgment affirmed.
KOEHLER and POWELL, JJ., concur.
[1] The arbitrator had acted outside the scope of his authority by engrafting a requirement onto the parties' collective bargaining agreement that the Department could not consider outside applications for vacancies before determining whether bargaining unit applicants met the minimum requirements for the position.
[2] Lawrence Donnelly was the arbitrator who issued the award which was vacated by the court.